# Exhibit 1

RECEIVED 9/23/2021 FILED 9/23/2021
14th CIRCUIT COURT
MUSKEGON COUNTY

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 14th JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | SUMMONS | 21-003984 NI |

Court address: 990 Terrace Street, Muskegon, MI 49442
Court telephone no.: (231) 724-6251

**Plaintiff's name(s), address(es), and telephone no(s).**
JAMES BYERS

v

**Defendant's name(s), address(es), and telephone no(s).**
WESTERN EXPRESS, INC.
C/O ROLAND M. LOWELL
7135 CENTENNIAL PL
NASHVILLE, TN 37209-1033 USA

Case Assigned to:
William C. Marietti

**Plaintiff's attorney, bar no., address, and telephone no.**
Matthew G. Swartz (P75257)
Nolan & Shafer PLC
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 09/23/2021 | 12/23/2021 | NANCY A. WATERS - MUSKEGON COUNTY CLERK PROXY SIGNED BY: DUNCANBR | 09/24/2021 03:53 PM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) SUMMONS  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Seal - 9/23/2021

STATE OF MICHIGAN

IN THE 14th CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

JAMES BYERS,

    *Plaintiff,*

v

HYKEEM A. SIMMONS, and
WESTERN EXPRESS, INC.,

    *Defendants.*

File No.: 21-003984     -NI

HON. William C. Marietti

---

Matthew G. Swartz (P75257)
NOLAN & SHAFER PLC
Attorneys for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

---

There is no other civil action arising out of
the same transaction or occurrence as alleged in
this complaint which has been previously assigned
and dismissed after having been assigned to a judge.

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, JAMES BYERS, by and through Counsel, NOLAN & SHAFER, PLC, and for his cause of action, states as follows:

1. That Plaintiff, JAMES BYERS, was a resident of the City of Norton Shores, County of Muskegon, State of Michigan, at all times relevant hereto.

2. That upon information and belief, Defendant, HYKEEM A. SIMMONS, is a resident of the State of Tennessee.

1

3. That upon information and belief, Defendant, WESTERN EXPRESS, INC., is a Tennessee Corporation conducting business in the County of Muskegon, State of Michigan.

4. That the subject cause of action arises from a motor vehicle versus pedestrian collision which occurred on or about June 16, 2020 on at or near 5487 Harvey Street, Norton Shores, MI 49444.

5. That this Court has proper jurisdiction over all parties hereto, and the amount in controversy exceeds the sum of $25,000.00, exclusive of attorney fees, costs and interest.

## COUNT I – NEGLIGENCE

6. That Plaintiff restates and realleges the prior allegations as if fully contained herein.

7. That on or about June 16, 2020, Plaintiff, JAMES BYERS, was a pedestrian employed as a security guard on the premises of Menards, which is located at or near 5487 Harvey Street, Norton Shores, MI 49444.

8. That on June 16, 2020, Defendant, HYKEEM A. SIMMONS was operating a semi-truck and trailer, attempting to exit through a gate for exiting delivery drivers and other vendors leaving the premises of the Menards store.

9. That in the course of his job duties, Plaintiff was inspecting vehicle behind the vehicle operated by HYKEEM A. SIMMONS, and was positioned behind the vehicle operated by HYKEEM A. SIMMONS.

2

10. For an unknown reason, despite knowing that Plaintiff was performing job duties and seeing Plaintiff behind his vehicle, HYKEEM A. SIMMONS back the semi-truck and trailer into the body of Plaintiff, causing the serious injuries alleged herein.

11. That Defendant, HYKEEM A. SIMMONS, owed to the Plaintiff and to others the duty to operate the motor vehicle operated by him in a manner free from negligence, in a manner free from gross negligence and in a manner in accordance with the common law of the State of Michigan, the laws or ordinances of the County of Muskegon, and the laws of the State of Michigan.

12. That as he was operating the motor vehicle, Defendant, HYKEEM A. SIMMONS, breached the aforesaid duties by operating his vehicle in a negligent manner, a grossly negligent manner and in a manner in violation of the ordinances of the County of Muskegon and the laws of the State of Michigan, including but not limited to the following:

   a. By failing to exercise reasonable care in the operation of the motor vehicle under his control;

   b. By failing to operate the vehicle under his control at a speed reasonable and prudent for existing conditions and at a speed which would allow him to retain proper control of the motor vehicle which him was operating;

   c. By failing to have the proper training, experience, and by failing to be in the proper physical or mental condition to operate a motor

3

      vehicle including but not limited to being under the influence of alcohol, legal or illegal drugs, or by failing to wear or utilize assistive devices required to operate a motor vehicle;

d.   By failing to make proper observations and by failing to properly respond to traffic conditions as they existed on or about June 16, 2020;

e.   By failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, contrary to MCL 257.627(1);

f.   By failing to keep the motor vehicle constantly under control;

g.   By operating the motor vehicle with gross negligence in a reckless, wanton disregard for the safety of persons or property, contrary to MCL 257.626;

h.   By operating the motor vehicle in a careless or negligent manner likely to endanger person or property, contrary to MCL 257.626(b);

i.   By failing to stop in an assured clear distance;

j.   Through failing to properly maintain or failing to make certain that the vehicle he was driving was fit for existing roadway conditions;

k.   By failing to yield to Plaintiff's right of way and the right of way of other motorists contrary to MCL 257.649(1);

l.   By failing to drive at a proper speed and in a manner for existing weather conditions;

4

  m. By operating a motor vehicle when Defendant, HYKEEM A. SIMMONS's vision was impaired by his health, by his failure to use proper corrective eyewear, through age, disability, infirmity and inability to properly operate a motor vehicle due to being under the influence of prescriptive or non-prescriptive medication and/or under the influence of alcohol;

  n. Through failing to allow himself adequate travel time;

  o. Through other acts of negligence not yet known but to be learned during the course of discovery.

13. That Defendant, HYKEEM A. SIMMONS's acts of negligence and breach of the aforesaid duties proximately caused Plaintiff, JAMES BYERS, to suffer injuries and damages which constitute a serious impairment of body function pursuant to MCL 500.3135(1) and MCL 500.3135(7) and that Plaintiff's injuries and damages have forced him to incur wage loss, future wage loss, and costs for medical and rehabilitative care. That the injuries suffered by Plaintiff are serious and will force Plaintiff to suffer or may permanently suffer mental anguish, pain and suffering, injuries and limitations including serious impairment of bodily function or permanent or serious disfigurement and aggravation of any pre-existing conditions. That Plaintiff's injuries include the following:

  a. Injuries to the thoracic spine, including damage to the disks, tendons, and bony vertebrae of the thoracic spine, resulting in prolonged

rehabilitation and resulting in the need for multiple therapeutic spinal injections;

b. Injuries to the lumbar spine, including damage to the disks, tendons, and bony vertebrae of the lumbar spine, resulting in prolonged rehabilitation and resulting in the need for multiple therapeutic spinal injections;

c. Sprain of the left knee;

d. Pain, suffering and mental and psychological anguish;

e. Other damages, injuries and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that such damages are recoverable under the Michigan No-Fault Act.

WHEREFORE, Plaintiff, JAMES BYERS, respectfully requests that this Honorable Court enter a Judgment against Defendant, HYKEEM A. SIMMONS, and award damages against said Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

## COUNT II – OWNERSHIP LIABILITY

14. The Plaintiff restates and realleges the prior allegations as if fully contained herein.

15. At the time of the motor vehicle collision that is the subject of this complaint, Defendant WESTERN EXPRESS, INC. was the titled and/or registered owner of the motor vehicle being operated by Defendant HYKEEM A. SIMMONS at the time of the motor vehicle collision complained of in this complaint, said vehicle being further identified as having VIN 3AKJGLDR3HSHW0671.

16. At the time of the motor vehicle collision that is the subject of this Complaint, Defendant HYKEEM A. SIMMONS had the express and/or implied permission of Defendant WESTERN EXPRESS INC. to operate the motor vehicle that was titled, registered and/or leased to Defendant WESTERN EXPRESS INC.

17. Defendant WESTERN EXPRESS INC., pursuant to the Ownership Liability Statute, is responsible for the negligent acts and/or omissions of Defendant HYKEEM A. SIMMONS, the permissive operator of Defendant WESTERN EXPRESS INC.'s motor vehicle. MCL 257.401.

18. None of the alleged negligent acts of omission or commission by Defendants were intentional within the meaning of MCL 500.3135(3)(a).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant, and award damages against Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

## COUNT III—RESPONDEAT SUPERIOR

19. Plaintiff hereby incorporates, by way of reference, allegations 1 through 18, as if fully set forth herein.

20. At the time of the subject motor vehicle accident, Defendant HYKEEM A. SIMMONS was in the course and/or scope of his employment with Defendant WESTERN EXPRESS INC.

21. If not in the course and/or scope of his employment with Defendant WESTERN EXPRESS INC., Defendant HYKEEM A. SIMMONS was an agent of Defendant WESTERN EXPRESS INC.

22. Defendant-Owner is vicariously liable for the negligent acts of Defendant, pursuant to the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment against Defendant, and award damages against Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000.00, plus interest, costs and attorney fees.

Dated: September 22, 2021

NOLAN & SHAFER, PLC

Matthew G. Swartz (P75257)
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

8

STATE OF MICHIGAN

IN THE 14th CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

JAMES BYERS,

    *Plaintiff,*

v

HYKEEM A. SIMMONS, and
WESTERN EXPRESS, INC.,

    *Defendants.*

File No.: 21- 003984    -NI

HON. William C. Marietti

---

Matthew G. Swartz (P75257)
NOLAN & SHAFER PLC
Attorneys for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

---

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in the above-entitled cause of action against

Defendants.

Dated: September 22, 2021

NOLAN & SHAFER, PLC

*[signature]*

Matthew G. Swartz (P75257)
Attorney for Plaintiff
40 Concord Avenue
Muskegon, MI 49442
(231) 722-2444

9